**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE**

William Grecia,
Plaintiff,

v.

Roc Nation LLC, PayPal Inc.;

Defendants.   **26 - 6 1 3 -**

Civil Action No. _____

JURY TRIAL DEMANDED

COMPLAINT

Plaintiff William Grecia ("Plaintiff"), alleges as follows:

## NATURE OF THE ACTION

1.  This action arises from Plaintiff's asserted ownership of intellectual property rights associated with U.S. Design Patent No. D931,899 and Plaintiff's discovery of alleged unauthorized authority actions, concealment of proceedings and financial outcomes, disputed settlement chronology, and alleged forged-signature-related conduct connected to prior litigation and related commercial activity involving PayPal, Inc.

2.  Plaintiff alleges that Plaintiff personally owns the patent rights and associated financial interests at issue and that Plaintiff never knowingly authorized assignment, settlement authority, transfer, or disposition of those rights to any third party.

3.  Plaintiff further alleges that one or more Defendants participated in communications, coordination, authority representations, concealment-related conduct, or settlement-related actions materially affecting Plaintiff's asserted ownership interests and financial rights.

4.  Plaintiff seeks declaratory relief, accounting, constructive trust relief, compensatory damages, expedited discovery, and factual development concerning ownership, authority, settlement chronology, signatures, disbursement-related activity, and communications connected to Plaintiff's intellectual property rights and related litigation activity.

## PARTIES

5.  Plaintiff William Grecia is an individual residing in Pennsylvania and asserts ownership and control interests relating to U.S. Design Patent No. D931,899 and associated intellectual property rights.

6.  Defendant PayPal, Inc. ("PayPal") is a Delaware limited liability company with a registered address of CORPORATION TRUST CENTER 1209 ORANGE ST, WILMINGTON DE 19801.

7.  Defendant Roc Nation, LLC is a Delaware limited liability company with a registered address of 1521 CONCORD PIKE SUITE 201, WILMINGTON, DE 19803.

### JURISDICTION AND VENUE

8.  This action arises under the patent laws of the United States, including 35 U.S.C. §§ 271, 284, and 289, as well as related federal and supplemental state-law claims.

9.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), and supplemental jurisdiction over related claims.

10. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because substantial communications, related dispute activities, and alleged concealment-related conduct occurred within this district and because Roc Nation LLC conducts business within this district.

### FACTUAL ALLEGATIONS

11. Plaintiff asserts ownership of U.S. Design Patent No. D931,899 entitled "Display Screen Portion with Animated Graphical User Interface."

12. Plaintiff alleges that the patent rights and associated claims possessed substantial commercial value and were asserted against PayPal products involving graphical payment interface systems.

13. Plaintiff further alleges that Plaintiff never knowingly authorized:
    a. settlement of Plaintiff's intellectual property claims;
    b. assignment or transfer of Plaintiff's patent rights;
    c. execution of settlement-related documents;
    d. or disposition of Plaintiff's financial interests connected to the patent rights at issue.

14. Plaintiff alleges that Plaintiff later discovered information Plaintiff contends raises concerns regarding:
    a. unauthorized authority representations;
    b. concealment of proceedings and/or financial outcomes;
    c. disputed settlement-related chronology;
    d. and forged-signature-related conduct connected to Plaintiff's intellectual property rights and related litigation activity.

15. Plaintiff alleges that one or more Defendants participated in communications, coordination, authority-related conduct, concealment-related activity, or settlement-related actions materially affecting Plaintiff's asserted ownership interests and financial rights.

16. Plaintiff further alleges that factual development and discovery are necessary concerning:
    a. communications;
    b. authority representations;
    c. signatures and execution-related activity;
    d. settlement chronology;
    e. disbursement-related activity;
    f. and related financial outcomes connected to Plaintiff's intellectual property rights.

17. Plaintiff alleges that material evidence relating to the foregoing remains within the possession, custody, or control of Defendants and/or third parties.

## COUNT I
### Declaratory Relief Regarding Ownership and Authority

18. Plaintiff repeats and re-alleges all prior allegations.

19. An actual controversy exists concerning:
    a. ownership rights;
    b. settlement authority;
    c. authority to act concerning Plaintiff's intellectual property rights;
    d. and the validity of any settlement-related, assignment-related, or disposition-related actions taken without Plaintiff's authorization.

20. Plaintiff seeks declaratory relief concerning Plaintiff's asserted ownership rights and the validity of any authority-related actions connected to Plaintiff's intellectual property interests.

## COUNT II
### Fraudulent Concealment

21. Plaintiff repeats and re-alleges all prior allegations.

22. Plaintiff alleges that one or more Defendants concealed material information concerning settlement chronology, authority-related activity, communications, proceedings, or financial outcomes connected to Plaintiff's intellectual property rights.

23. Plaintiff alleges that such concealment materially impaired Plaintiff's ability to protect Plaintiff's asserted ownership and financial interests.

## COUNT III
### Conversion

24. Plaintiff repeats and re-alleges all prior allegations.

25. Plaintiff alleges that one or more Defendants exercised unauthorized dominion or control over rights, proceeds, assets, or financial interests belonging to Plaintiff.

## COUNT IV
### Unauthorized Authority and Forged Execution

26. Plaintiff repeats and re-alleges all prior allegations.

27. Plaintiff alleges that one or more documents, communications, settlement-related actions, authority representations, or execution-related activities connected to Plaintiff's intellectual property rights may have involved unauthorized execution, disputed authority, or forged-signature-related conduct.

## COUNT V
### Accounting and Constructive Trust

28. Plaintiff repeats and re-alleges all prior allegations.

29. Plaintiff seeks a full accounting concerning:
    a. settlement chronology;
    b. authority representations;
    c. communications;
    d. disbursement-related activity;
    e. and financial outcomes connected to Plaintiff's intellectual property rights and related litigation activity.

30. Plaintiff further seeks imposition of a constructive trust over any proceeds or assets determined to be connected to unauthorized actions affecting Plaintiff's asserted ownership interests.

## COUNT VI
### Patent Infringement

31. Plaintiff repeats and re-alleges all prior allegations.

32. Plaintiff alleges that PayPal previously infringed and/or continued to infringe Plaintiff's patented graphical user interface designs through products and systems substantially similar to the patented design.

33. Plaintiff alleges that Plaintiff never authorized continued use, settlement, assignment, or disposition of the patent rights at issue.

34. Plaintiff alleges that Plaintiff is entitled to damages, equitable relief, accounting, and such additional relief as permitted under 35 U.S.C. §§ 284 and 289.
    **INFRINGEMENT UNDER THE DOCTRINE OF EQUIVALENTS**

35. Plaintiff repeats and re-alleges all preceding allegations.

36. Plaintiff alleges that Defendants' accused systems, products, interfaces, graphical user interface implementations, transaction displays, animated graphical display elements, and

related payment-interface technologies infringe the asserted patent rights either literally and/or under the Doctrine of Equivalents.

37. Plaintiff specifically alleges that one or more accused elements, while not necessarily identical in every literal respect to the asserted patent claims, perform substantially the same function, in substantially the same way, to achieve substantially the same result as the claimed patented designs and associated ornamental interface features.

38. Plaintiff further alleges that the accused PayPal graphical payment interface systems and related commercial implementations embody insubstantial variations of the asserted patented designs and therefore infringe under the Doctrine of Equivalents.

39. Plaintiff alleges that Defendants' accused systems appropriate the essential visual, functional, and commercial characteristics of the asserted patented designs, including substantially similar:
a. display arrangement structures;
b. animated graphical transaction interface elements;
c. payment-screen ornamental configurations;
d. transaction-confirmation presentation elements;
e. and associated user-interface workflows and visual sequencing.

40. Plaintiff further alleges that factual development, expert discovery, source-code-related discovery, interface-comparison discovery, commercial implementation discovery, and technical analysis are necessary to fully evaluate the extent of infringement under both literal infringement standards and the Doctrine of Equivalents.

41. Plaintiff reserves all rights to assert literal infringement, infringement under the Doctrine of Equivalents, substantial similarity, design-patent profit disgorgement, and all additional infringement theories permitted under applicable federal patent law.

## IPR TIME-BAR AND ESTOPPEL-RELATED ALLEGATIONS

42. Plaintiff repeats and re-alleges all preceding allegations.

43. Plaintiff alleges that prior infringement litigation involving the asserted patent rights materially altered the procedural and defensive posture surrounding the patent rights at issue.

44. Plaintiff further alleges that Defendants and/or their privies, affiliates, real parties in interest, indemnitors, or coordinated commercial participants were placed on notice of the asserted patent rights through prior infringement litigation activity.

45. Plaintiff alleges that the prior infringement litigation chronology and service-related events materially implicate statutory consequences under 35 U.S.C. § 315(b), including time-bar limitations concerning later inter partes review ("IPR") activity relating to the asserted patent rights.

46. Plaintiff specifically alleges that prior infringement litigation asserting U.S. Design Patent No. D931,899 proceeded in the United States District Court for the Western District of Texas before the Honorable Alan D. Albright under Civil Action No. 6:21-cv-01005-ADA.

47. Plaintiff further alleges that on March 22, 2022, the Western District of Texas entered an Order Denying Defendant PayPal's Rule 12(b)(6) Motion to Dismiss for Lack of Ornamentation and Lack of Originality, thereby permitting the asserted patent claims to proceed beyond the pleading stage and into factual development and litigation posture.

48. Plaintiff alleges that the prior litigation and associated service chronology materially altered the procedural, defensive, and commercial posture surrounding the asserted patent rights, including potential statutory consequences arising under 35 U.S.C. § 315(b) concerning later IPR-related activity, privies, real parties in interest, and related defensive strategies.

49. Plaintiff further alleges that the prior litigation chronology increased the strategic, commercial, settlement, and licensing significance of the asserted patent rights and that any disputed settlement authority, unauthorized disposition of rights, concealed proceedings, or forged-signature-related conduct connected to the asserted patent rights must be evaluated in light of those procedural consequences.

50. Plaintiff reserves all rights to assert:

51. a. statutory time-bar implications under 35 U.S.C. § 315(b);

52. b. judicial-estoppel-related implications;

53. c. real-party-in-interest and privity-related implications;

54. d. and related equitable doctrines arising from prior litigation chronology, notice, ownership, authority, settlement, or disposition-related conduct.

## DAMAGES UNDER 35 U.S.C. §§ 284 AND 289

55. Plaintiff repeats and re-alleges all preceding allegations.

56. Plaintiff alleges that Defendants previously infringed and/or continued to infringe the asserted design patent rights through products, systems, graphical user interfaces, and related commercial implementations substantially similar to the patented designs.

57. Plaintiff seeks all damages, restitutionary relief, disgorgement, equitable relief, and monetary recovery available under federal patent law, including but not limited to:
a. 35 U.S.C. § 284;
b. 35 U.S.C. § 289;
c. accounting-related relief;
d. constructive trust relief;

e. prejudgment interest;

f. post-judgment interest;

g. and such additional equitable and monetary relief as the Court deems just and proper.

58. Plaintiff specifically seeks recovery of:

a. Defendants' total profits attributable to infringement of the asserted design patent rights pursuant to 35 U.S.C. § 289;

b. reasonable royalty damages and/or compensatory damages pursuant to 35 U.S.C. § 284;

c. and such greater monetary recovery as permitted under applicable law following factual development, accounting, and discovery.

59. Plaintiff further alleges that factual development, accounting, and discovery are necessary to determine:

a. the full scope of infringement-related profits;

b. settlement chronology;

c. disbursement-related activity;

d. licensing-related activity;

e. and the total monetary value associated with the asserted patent rights and related proceedings.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Enter declaratory judgment concerning Plaintiff's ownership rights and authority-related disputes;

B. Award compensatory damages in an amount to be determined at trial;

C. Order accounting concerning:

- settlement chronology,

- communications,

- authority representations,

- signatures,

- and disbursement-related activity;

D. Impose constructive trust relief where appropriate;

E. Permit expedited discovery and factual development concerning:

- ownership,

- authority,

- settlement chronology,

- communications,

- signatures,

- and related financial activity;

F. Award costs, fees, prejudgment interest, post-judgment interest, and such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

Dated: May 28, 2026

Respectfully submitted,

/s/William Grecia/
William Grecia
Plaintiff, Pro Se